**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 27 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| INDERJEET SINGH BRAR, | No. 12-73500 |
| Petitioner, | Agency No. A089-132-201 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 23, 2015[**]
San Francisco, California

Before:    HAWKINS, SILVERMAN, and CHRISTEN, Circuit Judges.

Inderjeet Singh Brar, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, 8 U.S.C. § 1158(b)(1)(B)(iii). *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We review de novo claims of due process violations. *Zetino v. Holder*, 622 F.3d 1007, 1011 (9th Cir. 2010). We deny the petition for review.

Among other things, the IJ found Brar not credible based on inconsistencies between his statements to the asylum officer and his testimony to the IJ as to whether Sikhs were taken to his police station and mistreated there, and whether Brar personally transported Sikhs to the station.

Substantial evidence supports the agency's adverse credibility determination based on the inconsistencies between his statements to the asylum officer and his testimony to the immigration judge. *See Shrestha*, 590 F.3d at 1048 (adverse credibility finding reasonable under totality of the circumstances). We reject Brar's contention that the agency erred by relying on the asylum officer's notes because, as the IJ found: they were taken during Brar's interviews in a question and answer format, they were taken through an interpreter who was overseen for the second interview by a monitor, both Brar and his interpreter were under oath, Brar's counsel was present during both interviews, the notes were read back to

Brar through his interpreter, Brar signed at the end indicating the notes were an accurate reflection of his statements, and the asylum officer testified before the IJ. *See Singh v. Gonzales*, 403 F.3d 1081, 1089-90 (9th Cir. 2005) (identifying indicia of reliability for an asylum officer's notes); *see also Li v. Ashcroft*, 378 F.3d 959, 962-63 (9th Cir. 2004) (concluding that an airport interview statement was a reliable impeachment source where certain indicia of reliability were met), *superceded by statute on other grounds*, 8 U.S.C. § 1158(b)(1)(B)(iii).

Brar's explanations for his inconsistent responses do not compel a contrary result. *See Zamanov v. Holder*, 649 F.3d 969, 973-74 (9th Cir. 2011) (agency not required to accept explanations for inconsistencies). Last, we reject Brar's contentions that the IJ erred in her weighing of evidence, denied Brar an opportunity to present evidence in support of his claim, or failed to consider Brar's credibility under the totality of circumstances. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process violation). Thus, in the absence of credible testimony, Brar's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Brar's CAT claim fails because it is based on the same testimony the agency found not credible, and Brar does not point to any other evidence in the

record that compels the conclusion that it is more likely than not he would be tortured if returned to India. *See id*. at 1156-57.

**PETITION FOR REVIEW DENIED.**